UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| DENNIS JOHNSON,<br><br>               Plaintiff,<br><br>v.<br><br>VB ACQUISITIONS LLC d/b/a VERTICAL BRIDGE,<br><br>               Defendant. | Case No.: 1:25-cv-180 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant VB Acquisitions LLC d/b/a Vertical Bridge ("Vertical Bridge") hereby removes the above-captioned case from the Iowa District Court for Linn County (Case No. SCSC281043) to the United States District Court for the Northern District of Iowa, Cedar Rapids Division. In support, Vertical Bridge states as follows:

### THE REMOVED CASE

1. On October 1, 2025, Plaintiff Dennis Johnson commenced an action for forcible entry and detainer denominated *Dennis Johnson v. VB Acquisitions LLC d/b/a Vertical Bridge*, Case No. SCSC281043 (the "Petition") in the Iowa District Court for Linn County.

2. On October 3, 2025, Vertical Bridge was served with the Petition via personal service.

3. True and correct copies of all process, pleadings, and orders served upon Vertical Bridge are attached hereto as **Exhibit A** and are being filed along with this Notice of Removal.

4. Other than the documents attached as Exhibit A, no pleadings, process, orders, or other documents in this case have been served upon or otherwise received by Vertical Bridge or, to Vertical Bridge's knowledge, are presently on file in the state court.

## I. JURISDICTION IS PROPER UNDER 28 U.S.C. § 1332(a).

5. A defendant may remove a state court action to federal district court where the district court has original jurisdiction over the action. 28 U.S.C. § 1441. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332, which grants federal courts original jurisdiction over civil actions where there is complete diversity of citizenship between plaintiffs and defendants and where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

### A. The Parties are Diverse.

6. Dennis Johnson is an individual. "For purposes of federal jurisdiction, 'domicile' and 'citizenship' are synonymous terms." *Eckerberg v. Inter-State Studio & Publishing Co.*, 860 F.3d 1079, 1086 (8th Cir. 2017), quoting *Ellis v. Se. Contr. Co.*, 260 F.2d 280, 283 (8th Cir. 1958). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." *Id.*, quoting *Yeldell v. Tutt*, 913 F.2d 533, 537 (8th Cir. 1990). Among the "objective factors" relied on to determine intent are "ownership of property" and "location of business or occupation." *Id.*, citing *Bruton v. Shank*, 349 F.2d 630, 631 n.2 (8th Cir. 1965). From the face of the Petition, Mr. Johnson owns the property located at 3200 5th Ave. in Marion, Iowa, which he leases to Vertical Bridge as part of his business. Upon information and belief, Mr. Johnson resides in Iowa. Thus, Mr. Johnson is a citizen of Iowa for diversity purposes.

7.      Vertical Bridge is a Limited Liability Company ("LLC"). A district court's diversity jurisdiction in a suit by or against an LLC depends on the citizenship of all the members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004). Vertical Bridge is wholly owned by VB Acquisitions Parent, LLC, which is wholly owned by VB LPE, LLC, which is wholly owned by VB LPE Parent, LLC, which is wholly owned by VB EB Borrower, LLC, which is wholly owned by VB EB Pledgor, LLC, which is wholly owned by Vertical Bridge REIT, LLC, a Delaware limited liability company whose principal place of business is located in Delray Beach, Florida. None of Vertical Bridge REIT, LLC's members are citizens of Iowa. *GMAC Commercial Credit*, 357 F.3d at 829.

8.      Because Mr. Johnson and Vertical Bridge are not citizens of the same state, there is complete diversity of citizenship in this action as required by 28 U.S.C. § 1332(a).

**B. The Amount in Controversy Exceeds $75,000.**

9.      Section 1332(a) also requires that the amount in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs …" In actions seeking injunctive relief, the amount in controversy may be measured by the value of the object of the litigation. *See, e.g., Hunt v. Washington State Apple Advertising Comm'n*, 423 U.S. 333, 347 (1977). In determining whether the amount-in-controversy requirement is satisfied in forcible entry and detainer actions, courts have considered whether the value of a possessory interest in the property exceeds $75,000. *See, e.g., MCC Mortgage LP v. Office Depot, Inc.*, 685 F.Supp.2d 939, 942-43 and n.3 (D. Minn. 2010).

10.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions,

the defendant's allegations." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

11. In this case, Mr. Johnson seeks to take possession of the real property located at 3200/3300 Fifth Ave. in Marion, Iowa, where a communications facility is being operated. The value of the parcel has been appraised at $678,200, and the value of the communications facility has been appraised at $142,400. Thus, the value of a possessory interest in the property far exceeds the $75,000 threshold, exclusive of interest and costs. The amount-in-controversy requirement for diversity-of-citizenship jurisdiction is satisfied.

## II. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE MET.

12. On October 3, 2025, Mr. Johnson served Vertical Bridge with the Petition via personal service. (*See* Ex. A). Pursuant to 28 U.S.C. § 1446(b), Vertical Bridge timely files this Notice of Removal within 30 days after service of the Petition on Vertical Bridge. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (holding that the 30-day removal period does not begin to run until the defendant is formally served with the summons and complaint).

13. Venue is proper under 28 U.S.C. § 1441(a) because the Iowa District Court for Linn County, where the state court action is pending, is located within the United States District Court for the Northern District of Iowa, Cedar Rapids Division. 28 U.S.C. § 93(a)(1).

14. Pursuant to 28 U.S.C. § 1446(d), prompt written notice of this Notice of Removal is being sent to Mr. Johnson through his counsel and to the Iowa District Court for Linn County.

15. Vertical Bridge submits this Notice of Removal without waiving any defenses to the claims asserted by Mr. Johnson, conceding that Mr. Johnson has pleaded claims upon which

relief can be granted, or admitting that Mr. Johnson is entitled to any monetary or equitable relief whatsoever.

16. Vertical Bridge reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant VB Acquisitions LLC d/b/a Vertical Bridge hereby removes this action to this Court so that the Court may exercise its subject-matter jurisdiction and grant such other and further relief as it deems just and proper.

Dated: October 13, 2025

/s/ Ryann A. Glenn
Ryann A. Glenn
HUSCH BLACKWELL LLP
14606 Branch Street, Suite 200
Omaha, Nebraska 68154-5241
402.964.5000

/s/ Jacob B. Harris
Jacob B. Harris (*pro hac vice* pending)
HUSCH BLACKWELL LLP
33 East Main Street, Suite 300
Madison, Wisconsin 53703
608.255.4440

*Attorneys for VB Acquisitions LLC d/b/a Vertical Bridge*